IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL CASTELLINO** | ) | |
| | ) | **Civil Action No. 11-261** |
| **Plaintiff,** | ) | |
| | ) | **Judge Nora Barry Fischer** |
| v. | ) | |
| | ) | **Electronically Filed** |
| **M.I. FRIDAY, INC.,** and | ) | |
| **MARK I. FRIDAY,** an individual, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**AND NOW COMES** Plaintiff Daniel Castellino, by and through his counsel, Joseph H. Chivers, Esquire, and John R. Linkosky, Esquire, and asks this Court to grant summary judgment in Plaintiff's favor in finding Defendants violated the FLSA.

**I. INTRODUCTION**

The evidence supporting Summary Judgment for Plaintiff Castellino is simple and compelling. Defendant M.I. Friday, Inc. and Defendant Mark I. Friday (hereinafter referred to as Defendant Friday) were required to the compensate Plaintiff Castellino for overtime work performed pursuant to the FLSA; and Defendants paid Plaintiff <u>nothing</u> for numerous overtime hours worked.

Both Defendant M.I. Friday, Inc. and Defendant Friday are employers within the meaning

of the FLSA.  The status of Defendant Friday as such an employer was confirmed at deposition by Defendant Mark I. Friday's own testimony which demonstrated that he exercised all measures of operation control over Defendant M.I. Friday, Inc. (e.g. authority for hiring and firing of employees of Defendant M.I. Friday; authority to set wage rates; etc.).  Friday D.T. (Exhibit 1 of Appendix), p. 6 - 7, 23.

Plaintiff Daniel Castellino was paid an hourly rate of compensation.  Friday D.T. (Exhibit 1 of Appendix), p. 7; Castellino D.T. (Exhibit 2 of Appendix), p. 4.  Accordingly, Plaintiff Castellino was non-exempt under the FLSA.

Furthermore, the evidence irrefutably demonstrates that Plaintiff Castellino was not compensated pursuant to the FLSA for all of the work that he performed.  Plaintiff recorded the hours that he worked on time sheets (Castellino Time Sheets, Exhibit 5 of Appendix) until he was told by his project manager and by Defendant Friday that he was prohibited from recording more than eight hours of work per day on his time sheets.  Castellino D.T. (Exhibit 1 of Appendix), p. 15.  In certain weeks within the period November 2008 through August 2009, in which Plaintiff submitted to Defendant M.I. Friday, Inc. time sheets which recorded more than 40 hours of work per week (or more than eight hours per day), Plaintiff would not receive any compensation for overtime hours (hours performed in excess of 40 per week).  Castellino D.T. (Exhibit 1 of Appendix), p. 15.  See e.g. Castellino Time Sheets (Exhibit 5 of Appendix), p. 1 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 5; Castellino Time Sheets (Exhibit 5 of Appendix), p. 24 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 13; Castellino Time Sheets (Exhibit 5 of Appendix), p. 27 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 22.  After Plaintiff received instruction from his project manager and from

Defendant Friday to not accurately record the time that he worked, Plaintiff no longer recorded on his time sheets the overtime hours that he performed.  Castellino D.T. (Exhibit 1 of Appendix), p. 15.  As a result, from November 2008 through the end of Plaintiff's employment in June 2010, Plaintiff worked numerous hours of unpaid overtime, <u>both recorded and unrecorded</u>, for which he received <u>no</u> compensation from Defendants.

The burden of keeping accurate time records rests solely on Defendant M.I. Friday, Inc. and Defendant Friday.  <u>See</u> <u>Martin v. Selker Bros., Inc.</u>, 949 F.2d 1286, 1296, 1297 (3d Cir. 1991).  In the instant case, Defendants not only failed to meet their burden of ensuring the accurate recording of time records, but <u>specifically forbade</u> Plaintiff Castellino from recording all of the overtime hours that he worked.

Plaintiff is, therefore, entitled to summary judgment as a matter of law, 1) on the basis that Defendants did not compensate Plaintiff for all of the overtime hours he recorded, and 2) on the basis that Defendants, upon forbidding Plaintiff from maintaining accurate records of his time worked, failed to satisfy their requirement to maintain accurate time records and are required, as a matter of law, to compensate Plaintiff for his unrecorded overtime hours at time-and-one-half the regular rate of pay.

Plaintiff will also, in turn, show at trial that the failure to pay overtime was done knowingly and intentionally by Defendants in violation of the law. Defendants did not compensate Plaintiff for overtime work that he recorded.  Furthermore, by instructing Plaintiff to not record all of the work that he performed, Defendants knew this would result in Plaintiff working uncompensated overtime work.

## II. RULE 56 STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's claim, and upon which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Firestone Tire and Rubber Company v. Bruch*, 49 U.S. 101, 115 (1989). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (quoting Fed. R. Civ. P. 56(a), (e)) (emphasis in *Matsushita*, 475 U.S. 587). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The court must resolve all factual doubts and draw reasonable inferences in favor of the nonmoving party. *Matsushita*, at 587. If there is any evidence in the record from any source from which a reasonable inference in the non-moving party's favor may be drawn, the moving party simply cannot obtain a summary judgment. *Celotex*, 477 U.S. at 330n.2.

Summary Judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled the judgment as a matter of law. *Saldana v. K-Mart Corp.*, 260 F.3d

228, 231-232 (3d Cir. 2001). The party moving for Summary Judgment has the initial burden of informing the Court of the reasons that summary judgment is appropriate and identifying the parts of the Pleadings, Affidavits and other record evidence which disclose that the non-movant cannot support an essential element of its claim or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When, as in this case, the non-movant will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp.*, at 322.

In response to a Motion for Summary Judgment, the non-moving party must "go beyond the pleadings ['and'] specific facts showing there is a genuine issue for trial." *Celotex,* at 324. "Speculation and conclusory allegations do not satisfy this duty [of the non-moving party]. *Ridgewood Bd. Of Educ. v. N.E. ex rel. N.E.*, 172 F.3d 238, 252 (3rd Cir. 1999); see also *Solomon v. Society of Automotive Engineers,* 01-3083, 2002 WL 1754409, *1 (3d. Cir. July 30, 2002) stating that "a [non-moving party] cannot rely on unsupported assertions, speculations, or conclusory allegations to avoid a Motion for Summary Judgment." *Krouse v. American Sterilizer Co.*, 126 F.3d 494 (3d Cir. 1997).

### III. ARGUMENT

A. **Defendant M.I. Friday, Inc. and Defendant Friday were required by the FLSA to compensate Plaintiff Castellino for overtime work performed at one-and-one-half-rate of Plaintiff's hourly wage.**

    1. <u>Defendant M.I. Friday, Inc. is an enterprise within the meaning of 203(r) and 203(s)(1) of the FLSA and an employer within in the meaning of the Section 203(d) of the FLSA.</u>

Defendant M.I. Friday, Inc. is an enterprise within the meaning of Section 203(r), (s)(1) of the FLSA. Defendant M.I. Friday, Inc. has annual revenues in excess of $500,000. Friday D.T. (Exhibit 1 of Appendix), p. 5. Defendant M.I. Friday, Inc. engages in interstate commerce. Friday D.T. (Exhibit 1 of Appendix), p. 12.

    2. <u>Defendant Friday is an employer within the meaning of Section 203(d) of the FLSA.</u>

In defining the term "employer," the FLSA states that "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C.A. § 203(d). In <u>Haybarger v. Lawrence County Adult Prob. & Parole</u>, 667 F.3d 408, 417-18 (3d Cir. 2012), the Third Circuit Court of Appeals utilized the following "economic reality" test that must be used to determine whether an individual qualifies as such an employer under Section 203(d) of the FLSA:

> "In analyzing an individual supervisor's control over the employee under the FLSA ... , most courts look to the "economic reality" of the employment situation, examining whether the individual supervisor carried out the functions of an employer with respect to

the employee. As we recognized in applying the economic reality test in the context of the FLSA, whether a person functions as an employer depends on the totality of the circumstances rather than on technical concepts of the employment relationship. The Second Circuit held that some of the relevant factors in ascertaining the economic reality of the employment situation include whether the individual (1) had the power to hire and fire the employee[ ], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. The Second Circuit cautioned, however, that courts must consider any relevant evidence and no one of the four factors standing alone is dispositive."

Haybarger v. Lawrence County Adult Prob. & Parole, 667 F.3d 408, 417-18 (3d Cir. 2012) (citing Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 138 (2d Cir. 1999)) (internal citations omitted).

An application of this "economic realities" test conclusively proves that Defendant Friday, as an individual, was an "Employer" under Section 203(d) of the FLSA. Defendant Friday had the power to fire and hire employees of Defendant M.I. Friday, Inc. Defendant Friday supervised and controlled employee work schedules. Friday D.T. (Exhibit 1 of Appendix), p. 6 -7, 23. Defendant Friday supervised and controlled conditions of employment. Id. Defendant Friday determined the rate and method of payment. Id. Defendant Friday maintained and had constant access to employment records pertaining to Plaintiff. Friday D.T. (Exhibit 1 of Appendix), p. 27. For all of these reasons, Defendant Friday is undisputably an employer within the meaning of the FLSA.

3. <u>Defendant Friday, as an individual, exercised undisputed operational control over Defendant M.I. Friday, Inc. Therefore, Defendant Friday is liable for any FLSA violation Defendant M.I. Friday, Inc. is liable for.</u>

A summary judgment finding of an individual's liability for FLSA violations is proper when a Plaintiff "show[s] that no genuine issue of material fact exists as to whether [the invidual] had operational control over [an FLSA Employer] such that [the individual] can be said to be [the] employer as a matter of law."  Montalvo v. Larchmont Farms, Inc., 2009 WL 4573279 (D.N.J. Dec. 3, 2009) (finding an individual liable under the FLSA for any liability of an FLSA employer over which the individual had undisputed operational control). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under [the FLSA] for unpaid wages." Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983).  Concur Dole v. Solid Waste Services, Inc., 733 F. Supp. 895, 923 (E.D. Pa. 1989).

As mentioned above, Defendant Friday was the sole owner and President of Defendant M.I. Friday, Inc.  Friday D.T. (Exhibit 1 of Appendix), p. 6.  Furthermore, Defendant Friday exercised complete operation control over Defendant M.I. Friday, Inc.; hired and fired employees of Defendant M.I. Friday, Inc., and set the wage rates of employees of Defendant M.I. Friday, Inc.  Friday D.T. (Exhibit 1 of Appendix), p. 6-7, 23.  Accordingly, as an Employer under the FLSA, see supra, Defendant Friday had complete operational control over the covered enterprises of Defendant M.I. Friday, Inc. and is accordingly jointly and severally liable for any FLSA liabilities pertaining to FLSA violations incurred by Defendant M.I. Friday, Inc.

    4.    <u>Plaintiff was not subject to any exemption under the FLSA.</u>

        a..    <u>The FLSA's Executive Exemption - An Overview</u>

Under the FLSA, employees who work more than 40 hours per week are entitled to

overtime pay. 29 U.S.C. §207. Specifically, Section 7 of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

Section 13(a)(1) of the FLSA, however, provides an exemption from the Act's overtime requirements for employees "employed in a bona fide executive, administrative, or professional capacity…, or in the capacity of outside salesman…" 29 U.S.C. § 213(a)(1). Congress, in enacting the FLSA, did not define the terms "executive," "administrative" and "professional"; instead it specifically delegated to the Department of Labor ("DOL") the authority to "define" and "delimit" the scope of these exemptions. *Id.* Thus, the FLSA exempts from its overtime requirements an "executive" employee as that term is defined and delimited by the United States Department of Labor.[1]

The regulations defining "executive," "administrative" and "professional" employees are set forth at 29 C.F.R. Part 541. The test for the executive exemption is set forth at Section 541.100:

> (a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
> (1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
> (2) Whose primary duty is management of the enterprise in which the employee is

---

[1] Any exemptions to the FLSA's overtime requirements are to be construed narrowly against the employer. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir.2008). Only those employees who are "plainly and unmistakably within their terms and spirit" may be denied overtime pay. Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960).

>employed or of a customarily recognized department or subdivision thereof;
>(3) Who customarily and regularly directs the work of two or more other employees; and
>(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.
>
>(b) The phrase "salary basis" is defined at § 541.602; "board, lodging or other facilities" is defined at § 541.606; "primary duty" is defined at § 541.700; and "customarily and regularly" is defined at § 541.701.

29 C.F.R. § 541.100.

In relevant part, the regulations defining "salary basis" are set forth at 29 C.F.R. Part 541 Section 541.602:

>(a) General rule. An employee will be considered to be paid on a "salary basis" within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided in paragraph (b) of this section, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work. An employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available.

29 C.F.R. § 541.602

      b      <u>Plaintiff Does Not Meet the General Requirements for the "Executive" Exemption Because He Is Not Paid On a "Salary" or "Fee" Basis.</u>

An employee does not fall within the FLSA's "executive" exemption unless he meets the "salary" requirement. 29 C.F.R. §541.100.

Plaintiff undisputedly does not meet the "salary" requirement for such exemption. As a foremen for Defendants, Plaintiff, at all times, has been compensated by Defendants on an hourly basis and was not paid on a salary basis. Friday D.T. (Exhibit 1 of Appendix), p. 7; Castellino D.T. (Exhibit 2 of Appendix), p. 4. Rather, Plaintiff's compensation varied depending upon the amount of hours of work that were recorded. See e.g. Castellino Pay Stubs (Exhibit 4 of Appendix), p. 1 (Pay Stub of Pay Period Ending 6/28/08 - Demonstrating variance in pay based on the fact that less than 40 hours of work were recorded in pay period), p. 5 (Pay Stub of Pay Period Ending 10/25/08 - Demonstrating variance in pay based on the fact that less than 40 hours of work were recorded in pay period), p. 15 (Pay Stub of Pay Period Ending 3/07/09 - Demonstrating variance in pay based on the fact that less than 40 hours of work were recorded in pay period), p. 17 (Pay Stub of Pay Period Ending 10/03/09 - Demonstrating variance in pay based on the fact that less than 40 hours of work were recorded in pay period), p. 23 (Pay Stub of Pay Period Ending 2/20/10 - Demonstrating variance in pay based on the fact that less than 40 hours of work were recorded in pay period). Regardless of whether Plaintiff works more or less than 40 hours in any given pay week, Plaintiff is compensated at his regular hourly rate of pay, and only for the hours he actually works. Friday D.T. (Exhibit 1 of Appendix), p. 7; Castellino D.T. (Exhibit 2 of Appendix), p. 4. Plaintiff was not paid on a "salary" or "fee" basis and did not receive overtime compensation from Defendants for all

overtime hours worked.

Thus, because Plaintiff does not meet the "salary" requirement, he is not exempt under the FLSA.

B.  **Plaintiff is Entitled to Damages because Plaintiff has offered indisputable evidence of unpaid overtime hours and because Defendants knowingly failed to maintain accurate time records.**

Plaintiff recorded the hours that he worked on time sheets (Castellino Time Sheets, Exhibit 5 of Appendix) until he was told by his project manager and by Defendant Friday that he was prohibited from recording more than eight hours of work per day on his time sheets. Castellino D.T. (Exhibit 1 of Appendix), p. 15. After Plaintiff received this instruction from his project manager and from Defendant Friday to not accurately record the time that Plaintiff worked, Plaintiff no longer recorded on his time sheets the overtime hours that he performed. Castellino D.T. (Exhibit 1 of Appendix), p. 15.

In certain weeks in which Plaintiff submitted to Defendant M.I. Friday, Inc. time sheets which recorded more than 40 hours of work per week (or more than eight hours per day), Plaintiff would not receive any compensation for overtime hours (hours performed in excess of 40 per week). Castellino D.T. (Exhibit 1 of Appendix), p. 15. From the period November 2008 through August 2009, in numerous workweeks Plaintiff recorded hours in excess of 40 hours per week on his time sheets for which Plaintiff was never paid. See e.g. Castellino Time Sheets (Exhibit 5 of Appendix), p. 1 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 5;

Castellino Time Sheets (Exhibit 5 of Appendix), p. 24 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 13;  Castellino Time Sheets (Exhibit 5 of Appendix), p. 27 compared to Castellino Pay Stub, (Exhibit 4 of Appendix), p. 22.

Defendants forbade Plaintiff from recording all the overtime hours that he worked.  In doing so, Defendants knowingly failed to maintain accurate time records of the time worked by Plaintiff.  The FLSA requires that employers maintain accurate records of employee's wage and hours.  "In the absence of adequate employer records of employees' wages and hours, as required by the FLSA, the solution is not to penalize the employees by denying recovery based on an inability to prove the extent of undercompensated work, but rather to allow the employee or the Secretary to submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred." Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir. 1991).[2]  In Martin v. Selker Bros., Inc., the Third Circuit Supreme Court has provided instructions for the calculation of wages when an employer fails to maintain accurate time records:

> "In such a situation [where the employer's records are inadequate] we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden

---

[2]  "The burden of any consequent imprecision from the absence of an employer's records must be borne by that employer. "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act." Id. at 688, 66 S.Ct. at 1193. In such a situation, "the employer, having received the benefits of [the employees'] work, cannot object to the payment for the work on the most accurate basis possible under the circumstances." Id. See also Williams, 747 F.2d at 128 ("[o]nce an employee establishes that the employer's records are inadequate, the employee need only introduce enough evidence to support a reasonable inference of hours worked," at which point the burden shifts to the employer to rebut that inference)." Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir. 1991)

then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate. Anderson v. Mt. Clemens Pottery, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93, 90 L.Ed. 1515 (1946)."

Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir. 1991).

Plaintiff has proven that he worked unpaid preliminary and postliminary overtime hours for Defendants, both recorded and unrecorded. See e.g. Castellino E-Mails, Exhibit 6 of Appendix.

Notwithstanding the fact Plaintiff was paid an hourly rate and worked overtime, Plaintiff has not been paid overtime at time-and-one-half the regular rate of pay for the hours (both recorded and unrecorded) worked in excess of 40 hours in workweeks from November 2008 through June 2010.

## IV. CONCLUSION

There are no genuine issues of material fact that:

1) Defendants Friday and M.I. Friday, Inc. are both employers (jointly and severally liable) under the FLSA;

2) Plaintiff was non-exempt under the FLSA;

3) Plaintiff worked unpaid (not at regular rate or at time-and-one-half of the regular rate) overtime hours, both recorded and unrecorded;

4) Defendants knew Plaintiff worked unpaid recorded and unrecorded overtime hours; and,

5) Defendants failed to maintain accurate records by specifically forbidding Plaintiff from recording all of the hours that he worked.

**WHEREFORE**, Plaintiff requests this Court enter judgment on his behalf finding Defendants liable for FLSA violations and Plaintiff requests a subsequent hearing in which to prove the monetary value of damages.

        Respectfully submitted,

        s/Joseph H. Chivers
        Joseph H. Chivers, Esquire
        PA ID No. 39184
        Suite 1010
        100 First Avenue
        Pittsburgh, PA  15222
        jchivers@employmentrightsgroup.com
        (412) 227-0763 / (412) 281-8481 FAX

        s/John R. Linkosky
        John R. Linkosky, Esquire
        PA ID No. 66011
        715 Washington Avenue
        Carnegie, PA 15106-4107
        linklaw@comcast.net
        (412) 278-1280 / (412) 278-1282 FAX

        Counsel for Plaintiff
        Daniel Castellino

Dated: March 27, 2012