UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL CASTELLINO, ) | |
| ) | Civil Action No. 11-261 |
| Plaintiff, ) | |
| ) | Judge Nora Barry Fischer |
| v. ) | |
| ) | Electronically Filed |
| M.I. FRIDAY, INC., and ) | |
| MARK I. FRIDAY, an individual, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PRE-TRIAL NARRATIVE STATEMENT**

**AND NOW COMES** Plaintiff, Daniel Castellino, by and through his counsel, Joseph H. Chivers, Esquire, and John R. Linkosky, Esquire, and hereby respectfully submits his Pre-Trial Narrative Statement.

**I. BRIEF NARRATIVE STATEMENT OF MATERIAL FACTS**

Plaintiff brought this individual action under the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), to recover damages for non-payment of overtime. The Defendants are M.I. Friday, Inc., and Mark I Friday, an individual.

Plaintiff will show at trial: (1) that Plaintiff was not paid a guaranteed salary, thus destroying the salary basis test for exemption and making Plaintiff non-exempt; (2) that he

performed work on behalf of Defendants that was not recorded in Defendants' time system for payment; (3) that the unrecorded time worked by Plaintiff was on behalf of, and known to Defendants as having been worked; (4) that the unrecorded time worked by Plaintiff was compensable pursuant to the Fair labor Standards Act, as amended, 29 U.S.C. §201 et seq., as overtime at time-and-one-half the regular rate of pay; (5) that despite Defendants' knowledge that the unrecorded time worked by Plaintiff was compensable pursuant to the FLSA, Defendants did not compensate Plaintiff pursuant to the requirements of the FLSA; and, (6) that Defendants' failure to maintain accurate time records and to pay pursuant to the FLSA was knowing and intentional.

The evidence supporting Plaintiff Castellino's claims is simple and compelling. Defendant M.I. Friday, Inc. and Defendant Mark I. Friday failed to pay Plaintiff a guaranteed salary; and, Defendants failed to pay Plaintiff for numerous overtime hours worked.

Both Defendant M.I. Friday, Inc. and Defendant Friday are employers within the meaning of the FLSA. The status of Defendant Friday as such an employer was confirmed at deposition by Defendant Mark I. Friday's own testimony which demonstrated that he exercised all measures of operation control over Defendant M.I. Friday, Inc. (e.g. authority for hiring and firing of employees of Defendant M.I. Friday; authority to set wage rates; etc.).

Plaintiff Daniel Castellino was paid an hourly rate of compensation. Accordingly, Plaintiff Castellino was non-exempt under the FLSA.

Furthermore, the evidence will irrefutably demonstrate that Plaintiff Castellino was not compensated pursuant to the FLSA for all of the work that he performed. Plaintiff recorded the

hours that he worked on time sheets until he was told by his project manager and by Defendant Friday that he was prohibited from recording more than eight hours of work per day on his time sheets. In certain weeks within the period November 2008 through August 2009, in which Plaintiff submitted to Defendant M.I. Friday, Inc. time sheets which recorded more than 40 hours of work per week (or more than eight hours per day), Plaintiff would not receive any compensation for overtime hours (hours performed in excess of 40 per week). After Plaintiff received instruction from his project manager and from Defendant Friday to not accurately record the time that he worked, Plaintiff no longer recorded on his time sheets the overtime hours that he performed. As a result, the evidence will show from November 2008 through the end of Plaintiff's employment in June 2010, Plaintiff worked numerous hours of unpaid overtime, <u>both recorded and unrecorded</u>, for which he received <u>no</u> compensation from Defendants.

     The burden of keeping accurate time records rests solely on Defendant M.I. Friday, Inc. and Defendant Friday. <u>See</u> <u>Martin v. Selker Bros., Inc.</u>, 949 F.2d 1286, 1296, 1297 (3d Cir. 1991). In the instant case, Defendants not only failed to meet their burden of ensuring the accurate recording of time records, but <u>specifically forbade</u> Plaintiff Castellino from recording all of the overtime hours that he worked.

     Plaintiff will also, in turn, show at trial that the failure to pay overtime was done knowingly and intentionally by Defendants in violation of the law. Defendants did not compensate Plaintiff for overtime work that he recorded. Furthermore, by instructing Plaintiff to not record all of the work that he performed, Defendants knew this would result in Plaintiff working uncompensated overtime work.

In turn, Plaintiff suffered injury as outlined below:

(1) Defendants failed to pay Plaintiff for unrecorded hours worked by Plaintiff between the hours of 37 ½ and 40, in weeks in which Plaintiff worked in excess of 40 hours, at Plaintiff's regular rate of pay pursuant to 29 U.S.C. §206(a); and,

(2) Defendants failed to pay Plaintiff for unrecorded hours worked by Plaintiff, in workweeks in which Plaintiff worked in excess of 40 hours, at the rate of 1 ½ times Plaintiff's regular rate of pay pursuant to 29 U.S.C. §207(a).

## II.  DAMAGES

Plaintiff will establish at trial that he is entitled to the following damages at a minimum:

(1) Lost wages:         Overtime: >$20,000.00

(2) Liquidated damages:   Overtime: >$20,000.00

(3) Attorney's Fees & Costs: >$38,000 (fees of Joseph H. Chivers, Esq.; John R. Linkosky, Esq.; William Lauro, Esq.; and paralegal staff).

## III. NAMES OF ALL WITNESSES

**Witnesses Plaintiffs Intend to Call (L: liability / D: damages)**

(1)    Mark I. Friday, Owner

(2)    Ed Wilson, Laborer

(3)    Mark Halerz, Laborer

(4)    Eric Scicchitano, Laborer

(5)     James Mowery, Laborer

(6)     Mark Webeck, Bricklayer

(7)     Dennis Klein, Bricklayer

(8)     Timmy Kucmas, Bricklayer

(9)     Mark McCrossen, Bricklayer

(10)    Jerry Peluso, Laborer

(11)    Mark Halerz, Laborer

(12)    Robert Davis, Laborer

(13)    Ron Thomas, Laborer

(14)    D.J. Fincham, Bricklayer

(15)    Jeff Purtorti, Bricklayer

(16)    Paul Giles, Bricklayer

(17)    Frank Zamtrano, Bricklayer

(18)    Tim Sisco, Bricklayer

(19)    James Garrett, Laborer

(20)    Brad McDonald, Laborer

Plaintiffs also reserve the right to call the witnesses identified by Defendant.

## IV. LIST OF UNUSUAL ISSUES

There are no unusual legal issues in this matter.

## V. LIST OF EXHIBITS

(1)     Deposition Transcript of Mark I. Friday - November 18, 2011

(2)     Deposition Transcript of Daniel Castellino - November 18, 2011

(3)     Masonry Foreman's Guide

(4)     Castellino Pay Stubs

(5)     Castellino Time Sheets

(6)     Castellino E-Mails

Plaintiff also reserves the right to use exhibits identified by Defendant.

Respectfully submitted,

  s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
First & Market Building
Suite 1010,  100 First Avenue
Pittsburgh, PA  15222-1514
(412) 227-0763 / (412) 281-8481 FAX
jchivers@employmentrightsgroup.com

  s/John R. Linkosky
John R. Linkosky, Esquire
PA ID No. 66011
715 Washington Avenue
Carnegie, PA  15106-4107
linklaw@comcast.net
(412) 278-1280 / (412) 278-1282 FAX

Counsel for Plaintiff
Daniel Castellino

DATED: July 18, 2012